## GRANT G. FORSYTHE, Inc., v. BAKER.

No. 30338. March 10, 1942.

Rehearing Denied April 7, 1942.

*124 P. 2d 258.*

Frank Leslie, of Tulsa, for plaintiff in error.

Disney, Wheeler, Raynolds & Wheeler, of Tulsa, for defendant in error.

BAYLESS, J. Frank S. Baker sued Grant G. Forsythe, Inc., a corporation, in the court of common pleas of Tulsa county to recover a balance alleged to be due to him for services rendered and expense incurred as a salesman for the corporation. The plaintiff sought judgment for $384.87, a sum claimed to be due to him after allowing his employer credit for all payments made. The jury returned a verdict for the plaintiff for $121.35, and the defendant appeals from the judgment of the court rendered on that verdict.

The defendant states six assignments of error, the first four being argued as a group respecting the weight of the evidence; and the last two were discussed together and touched the issues of surprise and abuse of discretion in the admission of evidence.

There is no merit to the argument advanced in support of the first group of assignments. The plaintiff testified concerning the terms of the oral agreement, the length of time worked, the money earned, the money advanced by him in payment of certain traveling expenses for which he was to be reimbursed, stated the total of these sums and the balance due him after allowing all deductions. The employer testified concerning the same elements and denied that anything was owing to the plaintiff. We think this question of fact was one for the jury and that its verdict is sustained by some evidence. In making this statement of the evidence of the parties, we are not unmindful of the contention which the defendant makes which will be discussed in connection with the consideration of the last group of assignments.

The petition of the plaintiff alleged that he was to receive a stated salary "and a commission of ten (10) per cent upon all sales made. . . ." In the opening statement made by plaintiff's counsel to the jury appears the following:

"One thing, he was to have ten per cent on an item known as a specialty, some kind of a thermatic device used in heat treatments, carried as a specialty. On those sales he was to have a flat ten per cent in addition to everything else."

Earlier in plaintiff's direct examination, he stated the terms of his compensation, and among other things said: "and I was to receive a ten per cent commission on a short wave diathermy machine which is a heat treatment machine."

In his cross-examination the plaintiff again stated that he was to have 10 per cent of the sale on the short wave machine. At that point, defendant's counsel

344

moved to strike the answer given for the reason that it was not set out in the pleadings or claimed for. In the discussion that followed, plaintiff's attorney contended that it was. It is our opinion that the language of plaintiff's petition quoted above, that he was to have 10 per cent of all sales, while not strictly in accord with his testimony, is nevertheless broad enough to cover the sales of the short wave machine. He pleaded that he was to receive a 10 per cent commission on all sales, and the sales of short wave machines would be included in such a designation. The trial court declined to strike the answer objected to, and from that time on defendant took the position that the testimony with respect to the sale of the short wave machines was outside the issues and constituted a surprise to the defendant. As stated, we do not think it was outside the issues. In addition to this we observe that the defendant made no objection to the opening statement of the plaintiff's counsel relative to this item of merchandise and made no objection to the earlier testimony of the plaintiff with respect thereto, and we are of the opinion that the objections made later on were made too late.

The judgment of the trial court is affirmed.

The motion of the defendant in error for judgment against Ohio Casualty Insurance Company, surety on the supersedeas bond given by plaintiff in error, is rendered against said surety in the same manner and to the same extent as the judgment against plaintiff in error.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, and HURST, JJ., concur. RILEY, DAVISON, and ARNOLD, JJ., absent.